IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE CHILDREN'S | § | |
| IMAGINATION STATION | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL ACTION NO. 1:07CV1000-LG-JMR |
| | § | |
| PRIME INSURANCE SYNDICATE | § | DEFENDANT |

## ORDER

**BEFORE THE COURT** is the Motion to Set Aside Entry of Default and for Leave to File Answer and Affirmative Defenses [7] filed by Defendant, Prime Insurance Syndicate, the Motion for Default Judgment [10] filed by Plaintiff, The Children's Imagination Station, and the Motion to Strike Answer [9] filed by Plaintiff. After reviewing the submissions of the parties and the relevant law, the Court finds that Defendant has demonstrated good cause for its delay in answering the complaint. Therefore, Defendant's Motion to Set Aside the Entry of Default should be granted, and Plaintiff's Motion for Default Judgment and Motion to Strike Answer should be denied.

### DISCUSSION

On August 9, 2007, Plaintiff filed this lawsuit against Defendant concerning an insurance claim that arose out of damage caused by Hurricane Katrina. Plaintiff asserts that Defendant's adjuster valued Plaintiff's loss at $39,167.04, while Plaintiff's adjuster estimated the loss to total $155,795.97. In December of 2005, Defendant demanded that an appraisal of the property be performed pursuant to the terms of the insurance policy, but Plaintiff asserts that Defendant failed to participate meaningfully in the appraisal process, causing additional delay. Plaintiff asserts that it has never been paid any amount by Defendant pursuant to the insurance policy.

Plaintiff further alleges that Defendant's conduct constituted bad faith.

Plaintiff asserts that Defendant was served with process on August 22, 2007, and that the summons was returned executed on August 28, 2007. When Defendant failed to file an answer within twenty days, Plaintiff filed a Motion for Entry of Default on September 12, 2007, which was granted. Defendant filed an answer on September 19, 2007, and filed a Motion to Set Aside the Entry of Default on September 21, 2007. Plaintiff has filed a Motion for Default Judgment and a Motion to Strike Defendant's Answer to the Complaint. Counsel for Defendant has submitted an affidavit to the Court in which he asserts that he believed that the complaint was served on Defendant on September 6, 2007, and that the delay in filing the answer was "due to an innocent calendaring mistake . . . ." (Ex. A to Def.'s Mot. at ¶¶ 5,7).

Pursuant to FED. R. CIV. P. 55(c), a court may set aside an entry of default upon a showing of good cause. In making this determination, a court considers: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). The Court finds that the default was not willful since it was caused by Defendant's counsel's calendaring error. Additionally, Defendant promptly answered the complaint and moved to set aside the default. As a result, the only consequence of granting Defendant's Motion to Set Aside the Default is that Plaintiff will be required to adjudicate its case on the merits. The Court further finds that Defendant has presented a meritorious defense in that it essentially asserts that this lawsuit arose out of a pocketbook dispute between the parties concerning the amount of damage to Plaintiff's building. Therefore, Defendant has demonstrated good cause for failing to timely respond to the complaint.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Motion to Set Aside the Entry of Default and for Leave to File Answer and Affirmative Defenses [7] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Answer [9] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment [10] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2007.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE