**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE CHILDREN'S IMAGINATION** | § | |
| **STATION, REBECCA DICKENSAUGE,** | § | |
| **and DAVID DICKENSAUGE** | § | **PLAINTIFFS** |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:07CV1000-LG-JMR** |
| | § | |
| **PRIME INSURANCE SYNDICATE, INC.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [18] filed by one of

the plaintiffs, The Children's Imagination Station ("CIS"). Defendant Prime Insurance Syndicate,

Inc. filed a response to the Motion and Plaintiff replied. Upon reviewing the submissions of the

parties and the relevant law, the Court finds that there is no genuine issue of material fact that CIS

is entitled to an additional $111,000 pursuant to the insurance policy issued by Prime Insurance

Syndicate and pursuant to the appraisal award issued on November 15, 2007. CIS is also entitled

to post judgment interest at a rate of 6% from the date of this partial summary judgment, and

prejudgment interest at a rate of 6% from the date of the appraisal award.

FACTS

On August 29, 2005, CIS, which is a daycare center in Long Beach, Mississippi, was

damaged by Hurricane Katrina. The daycare center was insured by a policy issued by Prime. The

policy limits were $200,000, and the deductible for wind damage was $10,000. (Ex. A to Pl.'s

Mot. at 1). In December of 2005, Prime demanded an appraisal pursuant to the provisions of the

policy. On August 9, 2007, CIS filed this lawsuit against Prime, asking the Court to appoint an

umpire pursuant to the appraisal clause or alternatively to hold that Prime had waived its right to an

appraisal by failing to participate in the process in good faith. The appraisal clause in the policy

provides:

> 1. Appraisal
> If you and we disagree on the value of the property or the amount of loss, either
> may make written demand for an appraisal of the value of the property or the
> amount of loss.  In this event, each party has the option to either:
> a.  Select an independent, competent and impartial appraiser; or
> b.  Use as their appraiser, the adjuster or other party they retained initially to
> adjust the loss.
> The appraisers will select an umpire.  If they cannot agree, either may request
> that selection be made by a judge of a court having jurisdiction.  The appraisers
> will state separately the value of the property and the amount of loss.  If the
> appraisers submit a written report of an agreement to us, the amount agreed
> upon will be the value of the property or the amount of loss.  If they fail to
> agree, they will submit their differences in writing to the umpire.  A decision
> agreed to by any two (2) will be binding.

(Ex. A to Pl.'s Mot. at 12) (emphasis added).  After the lawsuit was filed, the parties agreed on an

umpire, Lewis O'Leary, and the appraisal was completed on November 15, 2007.  The appraiser

appointed by CIS was Kenneth Browne, and the appraiser appointed by Prime was Randy

McCaffrey.  The appraisal award provides:

> The appraisal panel has been asked to set the amount of loss as the result of
> winds from Hurricane Katrina occurring on 08 29 05.  The undersigned have
> considered all available evidence and hereby certify that the replacement cost
> value and the actual cash value of the loss as the result of wind from Hurricane
> Katrina is as follows:
> 1.  The RCV of damages repaired by Cifra Construction Co. is $127,000.
> 2.  The ACV of damages repaired by Cifra Construction Co is $114,300.
> 3.  The RCV of wind damage repairs handled by the insured outside of Cifra's
> contract and the damages yet to be repaired, including the replacement of the
> West & North brick walls damages as the result of the storm repairs is
> $110,000.
> 4.  The ACV of wind damage repairs handled by the inured outside of Cifra's
> contract and the damages yet to be repaired, including the replacement of the
> West & North brick walls damaged as the result of the storm repairs is $99,000.
> 5.  The RCV of the Code & Ordinance repairs made by Cifra, mandated by the
> City as a condition to receiving a Certificate of Occupancy, in addition to the
> values shown above [is] $45,000.
> 6.  The ACV of the Code & Ordinance repairs made by Cifra, mandated by the
> City as a condition to receiving a Certificate of occupancy, in addition to the

-2-

values shown above [is] $40,500.

(Ex. C to Pl.'s Mot.).   The parties agree that the replacement cost values listed in Items 1, 3, and 5 of the appraisal award do not apply since Prime had the choice of paying either actual cash value or replacement cost value under the policy.   It is also undisputed that Plaintiff is not entitled to payment for code and ordinance repairs listed in Item 6 of the appraisal award.

CIS asserts that it is entitled to the repair costs listed in Item 2 of the appraisal award, which total $114,300, in addition to the repair costs listed in Item 4 of the appraisal award, which total $99,000.   Since those repair costs total $213,000, an amount that exceeds the total of the $200,000 policy limits and the $10,000 deductible, CIS asserts that it is entitled to the policy limits. After the appraisal, Prime paid CIS $89,000, which reflects the $99,000 in damage listed in Item 4 of the appraisal minus the $10,000 wind deductible, but refused to pay any additional damages. CIS has filed this Motion for Partial Summary Judgment asserting that there is no genuine issue of material fact that CIS is entitled to an additional $111, 000 (the $200,000 policy limits minus the $89,000 already paid by Prime) under the appraisal award.   CIS also demands prejudgment and postjudgment interest.

DISCUSSION

Pursuant to FED. R. CIV. P. 56, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.   A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).   Once the

movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett,* 477 U.S. at 324-25. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

"In Mississippi, as in other states, it is difficult for a [party] to succeed in impeaching an award made by disinterested appraisers. Mississippi law favors amicable settlements of controversies without court involvement." *Mitchell v. Aetna*, 579 F.2d 342, 350 (5th Cir. 1978). A court may set aside an appraisal "where the award is so grossly inadequate as to amount to a fraud in effect, although fraud is not charged, or where the appraisers were without authority, or where there is a mistake of fact or to prevent injustice." *Munn v. Nat'l Fire Ins. Co.*, 115 So. 2d 54, 58 (Miss. 1959).

In the present case, Prime does not assert that the appraisal award should be set aside due to fraud, mistake, lack of appraiser authority, or injustice. Rather, Prime asserts that the appraisal award is ambiguous. Prime's argument as to why the repairs completed by a contractor, Cifra Construction Company, are not covered under the policy is apparently that the repairs made by Cifra Construction were not related to damage caused by Hurricane Katrina. (Pl.'s Resp. at 5). However, the appraisal award signed by both appraisers and the umpire clearly states:

> The appraisal panel has been asked to set the amount of loss **as the result of winds from Hurricane Katrina** occurring on 08 29 05. The undersigned have considered all available evidence and hereby certify that the replacement cost value and the actual cash value of the loss **as the result of wind from Hurricane Katrina** is as follows:
> . . . .
> 2. The ACV of damages repaired by Cifra Construction Co is $114,300.
> . . . .

-4-

4.  The ACV of wind damage repairs handled by the inured outside of Cifra's contract and the damages yet to be repaired, including the replacement of the West & North brick walls damaged as the result of the storm repairs is $99,000.

(Ex. C to Pl.'s Mot.) (emphasis added).  One of the appraisers, Mr. Browne, has submitted an affidavit in which he asserts: "The amounts stated in the award do not include the cost of improvements or changes made by the insured of Cifra Construction Company.  The award states only the value of losses directly attributable to wind damage to the insured building caused by Hurricane Katrina."  (Ex. A to Reply).  The umpire, Mr. O'Leary, has also submitted an affidavit in which he asserts: "The amounts stated in the award do not include the cost of improvements or changes made by the insured or Cifra Construction Company.  The award states only the value of losses directly attributable to wind damage to this building caused by Hurricane Katrina."  (Ex. B to Reply).

In opposition to the Motion for Partial Summary Judgment, Prime requests time in which to conduct depositions of CIS' appraiser, Kenneth Browne, and the umpire, Lewis O'Leary.  In support of this argument, Prime asserts that CIS' interpretation of the appraisal award is different from that of Mr. O'Leary and Mr. McCaffrey and submits that their testimony will establish that the intended award to CIS was $99,000.  However, as explained previously, CIS has submitted affidavits from Mr. Browne and Mr. O'Leary that do in fact support CIS' interpretation of the appraisal award and the plain language of the appraisal award.  Prime has not submitted any evidence to the contrary from its own appraiser, Mr. McCaffrey, and has not submitted an affidavit to the Court asserting that it is incapable of obtaining such an affidavit from Mr. McCaffrey.   FED. R. CIV. P. 56(f) provides: "Should it appear **from the affidavits of a party opposing the motion** that the party cannot for reasons stated present by affidavit facts essential to justify the party's

opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." FED. R. CIV. P. 56(f) (emphasis added). "To obtain a continuance of a motion for summary judgment, a party must 'specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence.'" *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999) (quoting *Liquid Drill, Inc. v. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995)).  Prime has not demonstrated that it is incapable of obtaining evidence in opposition to the Motion for Summary Judgment and has not demonstrated that the discovery will assist it in creating a genuine issue of material fact. Therefore, Prime's request for Rule 56(f) discovery is denied.

The Court finds that the appraisal award clearly and unambiguously provides that the repairs completed by the construction company were caused by the hurricane.  The appraisal award is signed by all three of the individuals who participated in the appraisal, and Prime admits that the agreement of at least two of the individuals who conducted the appraisal is binding.  Prime has not pointed to any policy language that excludes coverage for the repairs completed by the construction company; it has not submitted any evidence, even from its own appraiser, that the damages repaired by the construction company were not caused by Hurricane Katrina; and it has not demonstrated that it is incapable of obtaining evidence that creates a genuine issue of material fact.  Therefore, the Court finds that CIS' Motion for Partial Summary Judgment is granted.  CIS is entitled to an additional $111, 000 (the $200,000 policy limits minus the $89,000 already paid by Prime) under the appraisal award.  Additionally, since the damages became liquidated on the date

of the appraisal award, CIS is entitled to prejudgment interest at a rate of 6% from that date.  *See*

*Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So. 2d 574, 577 (¶12) (Miss. 1998) (*overruled on*

*other grounds by Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100 (Miss.

2007) (explaining that prejudgment interest is allowed as compensation for the detention of money

overdue).  Finally, CIS is entitled to post judgment interest at a rate of 6% from the date of this

partial summary judgment.  *See* Miss. Code Ann. §75-17-7 (providing that all judgments shall bear

interest at a per annum rate set by the judge); *Gordon v. Gordon*, 929 So. 2d 981, 986 (¶21) (Miss.

Ct. App. 2006) (holding that a Court should grant post judgment interest from the date of partial

summary judgment, despite the fact that the judgment is not final).

  **IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Partial

Summary Judgment [18] filed by The Children's Imagination Station is **GRANTED**.  The

Children's Imagination Station is entitled to $111,000 from Prime Insurance Syndicate, in addition

to prejudgment interest at a rate of 6% from the date of the appraisal award and post judgment

interest at a rate of 6% from the date of this partial summary judgment.

  **SO ORDERED AND ADJUDGED** this the 14th day of March, 2008.


      s/ *Louis Guirola, Jr.*

      LOUIS GUIROLA, JR.
      UNITED STATES DISTRICT JUDGE